UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 24 CR 332 |
| v. | ) | |
| | ) | Hon. Jeffrey I. Cummings |
| DONTE HUGHES | ) | District Judge |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by its attorney, ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, hereby submits its sentencing memorandum with respect to defendant Donte Hughes. Hughes' serious conduct in this case—combined with the other 3553(a) factors as discussed below—requires imposition of a low-end 63 months' of imprisonment in order to reflect the seriousness of the offense, provide just punishment, protect the public and deter Hughes and others from committing similar crimes. Such a sentence is sufficient, but not greater than necessary, to comply with the relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

**I.      FACTUAL BACKGROUND**

On March 31, 2020, U.S. Postal Service ("USPS") employee Individual A was delivering U.S. Mail in the performance of her duties while in uniform when two males approached Individual A while she was delivering mail on foot in the 1900 block of North Albany Avenue in Chicago, Illinois. An unidentified male grabbed Individual A from behind and wrapped both arms around her, preventing her from moving, while defendant reached his hand into Individual A's pants pocket while stating something to the effect of, "just give me the keys, that's all I want…give me

1

the keys!" Individual A's USPS arrow and vehicle keys were on a long chain attached to her USPS uniform pants. Individual A unhooked the keys and gave them to defendant. An "arrow key" is a term specifically used within the USPS for the key that Postal employees use to access bule collection boxes, apartment mailbox panels, and entry doors into apartment buildings. The "arrow key" is accountable to the employee, must be signed in and out each day, and is property belonging to the United States.

Immediately following the robbery, defendant and the other man fled the scene on foot. Individual A met with her USPS manager and Chicago Police Department officers at the scene of the robbery. Law enforcement found that the front door to Individual A's USPS truck was open, but no mail items were stolen from inside the vehicle.

A POD camera located at the intersection of Cortland Street and Albany Avenue captured two male black subjects fleeing from the location of the robbery shortly after the robbery. Below is a still photo from the POD camera:



Law enforcement recovered items worn by the robbers including a sweatshirt, knit stocking cap, and face masks from the street about 0.3 miles from the scene of the robbery and consistent with defendant's and the other robber's path of flight. According to lab results, both face masks contained defendant's DNA.

Defendant admitted, in an interview with law enforcement, that he and "Nuk" robbed a postal carrier on March 31, 2020 in the 1900 block of North Albany Avenue. Defendant admitted that he removed the arrow key from the mail carrier's pants.

II. ADVISORY GUIDELINES CALCULATION

The government agrees with Probation's calculation in the PSR that with and offense level of 24 and a criminal history category of III, defendant's advisory Guidelines range is 63 to 78 months' imprisonment. PSR ¶ 95.

### III. THE 3553(A) FACTORS WARRANT A LOW-END GUIDELINES SENTENCE OF 63 MONTHS' IMPRISONMENT.

Section 3553(a) requires the court to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing.[1] In Hughes' case, a sentence of 63 months' imprisonment is sufficient, but not greater than necessary, to accomplish the purposes of sentencing, in particular to protect the public.

#### A. **The Nature and Circumstances of the Offense**

Hughes took part in robbing a U.S. Postal carrier in broad daylight. Hughes and his accomplice restrained the victim and stole her arrow key out of her pocket. Hughes and his accomplice then fled the scene.

#### B. **Defendant's History and Characteristics**

Hughes' history and characteristics demonstrate the need for a significant sentence in order to protect the public and deter Hughes from further criminal activity.

Hughes' criminal history includes two felony convictions—aggravated fleeing in 2019 (PSR ¶ 34) and possessing a firearm as a felon in 2021 (PSR ¶ 35). Based on these convictions, defendant's criminal history score is four and his criminal history category is III. PSR ¶ 36-38. Defendant presents a significant risk for recidivism,

---

[1] Those purposes are the need for the sentence "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." §§ 3553(a)(2)(A)-(D).

given that he committed the instant robbery while he was on probation for his 2021 gun conviction. PSR ¶ 35.

Defendant also has a pending manufacture and delivery case out of Cook County. PSR ¶ 40. The arrest report indicates that defendant fled from officers and entered a residence, where they found defendant and a distribution quantity of marijuana. Although officers saw defendant in possession of a gun while he was fleeing, the did not recover a gun from the residence. *Id*.

Hughes appears to have a support system in his partner, with whom he has a five-year-old son. In addition, Hughes also has two other children, with whom he has contact. PSR ¶ 51-54. Given his history, it appears that defendant could benefit from mental health and substance abuse treatment. PSR ¶ 65-79.

## IV. THE NEED TO REFLECT THE SERIOUSNESS OF THE OFFENSE, PROMOTE RESPECT FOR THE LAW, AND PROVIDE JUST PUNISHMENT AND DETERRENCE

Hughes robbed a woman while she was just doing her job as a U.S. Postal carrier—in fact, the victim was relatively new to working for USPS and was new to this particular route. This was no doubt a terrifying experience for the victim to have two men rob her—one restraining her while the other grabbed her arrow key out of her pocket. The nature and seriousness of the offense is aggravated by the fact that the victim was restrained (as reflected in a Guidelines enhancement for this conduct) and the fact that the robbery took place in broad daylight. Hughes' actions in this case illustrate the significant risk he poses to the public.

Given these circumstances, the government's requested sentence of 63 months' imprisonment is necessary to reflect the seriousness of this offense, promote respect

5

for the law and provide just punishment and deterrence. This Court's sentence must make it clear to defendant that there are serious consequences to his failure to comply with the law. Such a sentence is critical – and certainly not greater than necessary – to reflect the seriousness of the offense, promote respect for the law, protect the public and to deter defendant and others from committing similar crimes.

## V. SUPERVISED RELEASE CONDITIONS

The government agrees with the conditions of supervised release proposed by U.S. Probation.

## VI. CONCLUSION

For the reasons set forth above, the government respectfully requests that this Court impose a low-end Guidelines sentence of 63 months' imprisonment.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: *s/Jennifer Chang*
Assistant United States Attorney
219 S. Dearborn Street
Chicago, Illinois 60604
(312) 469-6151

Dated: January 16, 2026